UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHANIEL MALOY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DUSTIN PEAD,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT**<br><br><br>Case No. 2:22-cv-00129<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Nathaniel Maloy, proceeding *in forma pauperis*, filed this action against Dustin Pead, a magistrate judge in this district. (Doc. No. 8.) For the reasons explained below, the court ORDERS Mr. Maloy to file an amended complaint by **May 9, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true

1

well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Mr. Maloy proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

In his complaint, Mr. Maloy expresses dissatisfaction with Judge Pead's handling of a prior case filed by Mr. Maloy in this district: Case No. 1:21-cv-00120-DBB-DBP (D. Utah, filed Aug. 31, 2021). (*See* Compl., Doc. No. 8 at 12–13.) Mr. Maloy alleges Judge Pead "tri[ed] to force [him] to amend [his] claim even though the evidence shows [him] innocent," denied his case, did not review evidence properly, and ruined his life. (*Id.* at 9.) He states Judge Pead "refused to acknowledge all the letters that state [he is] free of all this debt." (*Id.* at 10.) Mr. Maloy checked a box indicating he is asserting a claim under 42 U.S.C. § 1983. (*Id.* at 8.) He seeks damages of $30,000 and requests that Judge Pead be imprisoned for five years. (*Id.* at 13.)

Mr. Maloy's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) because it asserts a claim for monetary damages against a defendant who is immune from such relief. Judges are generally immune from suits for monetary damages. *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). The only exceptions to this rule are "(1) when the act is not taken in [the judge's] judicial capacity, and (2) when the act, though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* (alterations in original) (internal quotation marks omitted). Here, Mr. Maloy challenges Judge Pead's actions taken in his judicial capacity in a prior case, and he does not allege any act taken outside Judge Pead's judicial capacity or in the absence of all jurisdiction.

Mr. Maloy also fails to state a claim for relief under 42 U.S.C. § 1983, or any other plausible cause of action. To state a section 1983 claim, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law." *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988). Mr. Maloy does not allege any deprivation of a federal right, nor does

3

he allege facts sufficient to show that Judge Pead, a federal judge, was acting under color of state law.  If Mr. Maloy is dissatisfied with the outcome of the prior case, his remedy is to file an appeal.  But his general disagreement with a judge's rulings is not a basis for any recognized legal claim against the judge.  Indeed, his claims for monetary damages and imprisonment lack any arguable basis in law or fact and, therefore, are frivolous.

In sum, Mr. Maloy's complaint is subject to dismissal because it seeks monetary damages against a defendant who is immune from such relief, fails to state a claim on which relief can be granted, and is frivolous.  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).  Accordingly, the court gives Mr. Maloy an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1.  Mr. Maloy is ordered to file an amended complaint by **May 9, 2022**.  The words "Amended Complaint" should appear in the caption of the document.

2.  Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3.  Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's February 25, 2022 order, (Doc. No. 7), remains in place.

4.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 18th day of April, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge
